UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JESSE DANIEL TRUESDALE,<br><br>Movant. | Case Nos. 1:18-cv-00391-BLW<br>1:16-cr-00228-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In August 2017, this Court sentenced Jesse Truesdale to 96 months' imprisonment. Truesdale seeks to amend, vacate, or set aside his sentence under 28 U.S.C. § 2255. Truesdale says his counsel was ineffective during the sentencing hearing because he did not ask the Court to order that his federal sentence be served concurrently with a previously imposed state sentence. He also suggests his plea was unknowing and involuntary because he was not advised his federal sentence could be imposed to run consecutively with his anticipated state sentence. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In September 2016, a grand jury indicted Truesdale on two charges: (1) unlawful possession of a firearm; and (2) possession with intent to distribute

methamphetamine. He pleaded guilty to both charges, and in August 2017 this Court sentenced him to 96 months' imprisonment on each count, followed by three years and five years of supervised release on each count. Both the terms of imprisonment and the terms of supervised release were to run concurrently.

By the time the Court sentenced Truesdale, an Idaho state court had revoked his probation on two earlier convictions – a 2004 conviction for aiding and abetting a burglary and a 2012 conviction for possession of a controlled substance. The same conduct that formed the basis of his federal charges triggered revocation proceedings on those two convictions. The details regarding these state charges are as follows:

**1. The 2004 Burglary Conviction**

In June 2004, Truesdale pleaded guilty to aiding and abetting a burglary. The Presentence Investigation Report (PSR) in this case indicates that Truesdale and two other individuals entered a veterinary clinic and stole "veterinary drugs, and/or controlled substances, and/or cash of a value in excess of $1,000." *PSR,* Cr. Dkt. 33, at 8. The Idaho state court sentenced him to six years' custody (suspended) and five years' probation. Truesdale violated probation several times, and shortly before this Court sentenced Truesdale, the state court refused to parole him. At the time of his federal sentencing, Truesdale's sentence satisfaction date on the burglary charge was January 15, 2018. *Id.*

## 2. The 2012 Drug Possession Conviction

In 2012, Truesdale was convicted of possessing a controlled substance with intent to deliver. The conduct underlying the drug possession charge triggered revocation proceedings on the 2004 burglary charge. The state court revoked probation in the burglary case and sentenced him to six years' custody, with three years fixed. Otherwise, on the drug possession charge, Truesdale was sentenced to nine years' custody with two and one-half years fixed. His sentence satisfaction date on this charge is April 25, 2021. *See id.* at 9. He was paroled on April 27, 2015. *Id.*

## 3. The 2016 Federal Charge

On July 13, 2016 – less than a year after he was paroled on the 2012 state drug charge – Truesdale was arrested and charged with the two federal offenses mentioned above – unlawful possession of a firearm and possession with intent to distribute methamphetamine. Truesdale's conduct in this case had a ripple effect: not only was he indicted on federal charges, but he was charged with violating probation on the two state charges.

Truesdale says his counsel advised him to take care of his state charges before facing sentencing in federal court. And that is what he did, although he pleaded guilty in federal court before his state-court revocation hearing. During his change-of-plea hearing in federal court, the magistrate judge asked Truesdale's

MEMORANDUM DECISION AND ORDER - 3

counsel about any pending state charges:

> THE COURT: And, Mr. Merris, are there any state charges pending against Mr. Truesdale for which he's not been sentenced?
>
> MR. MERRIS: No, Your Honor.

*Plea Hg. Tr.*, Civ. Dkt. 7-1, at 12:13-16. Counsel's response was technically correct – Truesdale had already been sentenced on the state burglary and drug charges – but counsel did not let the Court know Truesdale had pending state-court revocation charges.

After the change-of-plea hearing in federal court and before federal sentencing, Truesdale had a telephonic state-court revocation hearing. The state parole commission asked Truesdale what he expected at his federal sentencing:

> The Commission asked what he [Truesdale] expects from his Federal sentencing and he said at this point he doesn't expect anything but what is fair. He was found guilty and his rights have been revoked. *He hopes that it will run concurrent with what he is doing for the state of Idaho*.

Cr. Dkt. 53-1, at 8 (emphasis added). After a brief, telephonic hearing, the Commission elected to "deny parole and pass subject to their full term release date." *Id.*

Later, at the federal sentencing hearing, the Court did not specifically address Truesdale's request that the Court order his federal sentence to be served concurrently with his state sentence. Truesdale requested a concurrent sentence in

MEMORANDUM DECISION AND ORDER - 4

his sentencing memorandum, but counsel did not raise the issue during the sentencing hearing, and the Court did not independently address the issue. The Court imposed its 96-month sentence without mentioning the state-court sentence.

Truesdale says his counsel rendered ineffective assistance by failing to follow up at oral argument and reiterate the request that his federal sentence be served concurrently with his state-court sentence. He also suggests he wouldn't have pleaded guilty in federal court if he had known his federal sentence would not run concurrently with his yet-to-be-imposed state sentence.[1] Finally, he says the State of Idaho has assumed he will receive credit against his federal sentence for the time he is spending in state custody. As of this date, Truesdale remains in state custody.

Truesdale's attorney had understood – incorrectly – that Truesdale would immediately begin serving his federal sentence after this Court sentenced him, given counsel's understanding that "the federal authorities were the prime custody holders" for Truesdale. *Apr. 27, 2018 Letter from J.D. Merris to Truesdale, Ex. C to 2255 Motion,* Dkt. 1-1, at 1. Later, however, counsel learned this was not the case. He then advised Truesdale to apply for state parole as soon as possible or to

---

[1] Truesdale pleaded guilty on August 2, 2017. Crim. Dkt. 28. The state court revoked probation on August 9, 2017. Civ. Dkt. 1-1 (Exhibit B to § 2255 motion). This Court sentenced Truesdale on August 17, 2017. Crim. Dkt. 45.

**MEMORANDUM DECISION AND ORDER - 5**

...
...

perhaps "contact the ACLU to see if they might convince Judge Winmill to amend your sentence." *Id.*

## LEGAL STANDARD

**1.      28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of her or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the

Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

2.      **Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668 (1984). There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional

assistance." *Id.* at 689. Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir.2005) (*quoting Strickland*, 466 U.S. at 687)

## ANALYSIS

**1.    Counsel's Failure to Raise the Concurrent Sentence Request at the Sentencing Hearing**

The Court will discuss these issues in reverse order – first discussing prejudice, then deficient performance.

Truesdale has demonstrated prejudice. If counsel had raised the issue at any point during the sentencing hearing, it is likely that the Court would have imposed a partially concurrent/partially consecutive sentence. The Court often, in these circumstances, orders a partially concurrent/partially consecutive sentence. By imposing such a sentence, the Court seeks to incentivize (1) the parole commission to grant parole at the earliest possible date and (2) the defendant to behave while in state custody so as to earn that parole and end his or her time in state custody. More specifically, in this case, if counsel had raised the issue, the Court likely would have ordered Truesdale's 96-month sentence to be served consecutively to the fixed portion of his state sentence and concurrently to the indeterminate portion of the sentence. Even if there were aggravating circumstances which the

Government could have used to argue for a consecutive sentence, Mr. Truesdale was denied the opportunity to challenge that argument and request that the Court follow its normal practice of imposing a concurrent or partially concurrent sentence.[2]

As matters stand, however, Truesdale remains in state custody and he has not received any credit against his federal sentence. This was not the Court's intent at sentencing; if counsel had raised the issue, the Court would have clarified this point. Under these circumstances, the Court easily finds that Truesdale has demonstrated prejudice. If his counsel had performed differently, the outcome is likely to have been different.

The more difficult issue is concluding that Truesdale's counsel performed deficiently. Arguably, Truesdale's counsel discharged his duty to request a concurrent sentence by bringing that issue to the Court's attention in his sentencing memorandum. The sentencing memorandum did contain a single oblique reference to the state proceedings:

> Mr. Truesdale requests the Court to make his federal sentence concurrent with his state sentences in Idaho's Canyon County Cases

---

[2] At a minimum, I am confident that I would have at least addressed the issue of whether the sentence should be concurrent or consecutive, rather than have the sentence run consecutive by default.  In more than 30 years on the bench, I have never knowingly failed to address the issue of concurrent vs. consecutive in imposing a sentence on a defendant with an undischarged term of incarceration.  Simply put, this was my mistake, aided by the failures of the probation office and defense counsel.

**MEMORANDUM DECISION AND ORDER - 9**

CR2004-2644 and CR2012-2083.

Crim. Dkt. 42, at 6. Notably, it did not alert the Court that the probation revocation proceedings referred to in the presentence report had been concluded and Mr. Truesdale had already been sentenced to a term of imprisonment. Then when the Court did not mention this issue during the sentencing hearing, defense counsel should have spoken up. Counsel had ample opportunity to raise the point. Prior to the imposition of sentence, he argued for an 84-month sentence and asked that the Court recommend that Mr. Truesdale be allowed to participate in the RDAP drug treatment court while incarcerated. Notably, he never updated the Court on the status of the state proceedings and never asked the Court to run the sentence concurrent with the state sentence. But, even after the Court imposed sentence, counsel had another chance to (1) ask the Court to clarify if the sentence was consecutive or concurrent and (2) ask the Court to explain its reasoning. *See Hearing Tr.*, Dkt. 18:21-22.

Granted, defense counsel is not the only one person in the room who should have raised the issue. The Court mistakenly overlooked this issue in imposing sentence. The presentence report was deficient in that it indicated that two probation violations were pending, but was never updated to reflect that, by the time of his federal sentencing, Mr. Truesdale had already been sentenced on those violations. Then the probation officer, when asked at the conclusion of the

**MEMORANDUM DECISION AND ORDER - 10**

sentencing if the Court had overlooked anything, failed to raise the issue. In other words, there are redundancies in the Court's typical practices during sentencing hearings to prevent exactly the failure that occurred here. This is the rare case when all these checks failed.

But the larger point is that defendants rely on their attorneys to prevent this sort of failure. Plus, it is error for a district court to impose a consecutive sentence without adequately explaining its reasons. *See United States v. Conkin*, 9 F.3d 1377 (9th Cir. 2005) ("The district court's failure to expressly state in open court with adequate specificity the reasons for its sentencing decision [specifically regarding the decision to impose a consecutive sentence], violates 18 U.S.C. § 3553(c)."). Given that, counsel surely should have spoken up, and his failure to do so resulted in deficient performance under *Strickland*. The Court will therefore grant Truesdale's motion.

When a court grants a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the statute provides that the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The statute thus establishes a two-step process. First, the court must "vacate and set the judgment aside." *Id.* Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the

MEMORANDUM DECISION AND ORDER - 11

prisoner a new trial; or (4) correct the prisoner's sentence. *Id*.

Here, Mr. Truesdale does not ask for an entirely new sentencing hearing. Rather, he asks the Court to clarify its intent regarding a concurrent sentence. *See 2255 Mtn.*, Civ. Dkt. 1, at 7 ("Give me something in black and white stating for the record that it is the court's wish for my Federal sentence to run concurrent with my Idaho state sentence as I was allowed to think it was and Idaho has assumed it was"). The Court will not, however, simply order that the sentence be amended to impose a partially concurrent/partially consecutive sentence since doing so would deprive the Government of its right to argue that the sentence should be consecutive. The Government did not raise the issue at the time of sentencing and, like everyone in the courtroom, except for Mr. Truesdale and his attorney, was likely unaware that Mr. Truesdale had already been sentenced on his probation violations. Accordingly, the Court will vacate the judgment and conduct a new sentencing hearing.

2. **Voluntariness of Guilty Plea**

Finally, the Court will address Truesdale's suggestion that his plea was unknowing and involuntary. He puts it this way:

> All I am stating it was my understanding that as part of my plea in federal court, the court would indicate on my judgment and on the record that it would allow my federal sentence to run concurrent with my state sentence and to the Bureau of Prisons. Nevertheless the State of Idaho has ran my sentence concurrent with my Federal sentence, but I am not currently in federal prison. My attorney failed to address

this issue *and therefore the plea proceedings are in question as well.* § 2255 Motion, Dkt. 1, ¶ 13 at 6 (emphasis added).

The Court has reviewed the plea hearing transcript, and there is nothing on the record indicating Truesdale was advised his federal sentence would run concurrently with any state sentence. Given this record, Truesdale's best argument is that his plea was unknowing and involuntary because he was not advised, before pleading, of the possibility that his federal sentence could run consecutively to his yet-to-be-imposed state sentence. That argument fails.

The Fifth Amendment requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *See, e.g., United States v. Seng Chen Young*, 926 F.3d 582, 589 (9th Cir. 2019) (*citing Boykin v. Alabama*, 395 U.S. 238, 242 (1969)); Fed. R. Crim. P. 11. To enter such a plea, the defendant must have "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

The Ninth Circuit has held that criminal defendants must be advised of *direct* consequences of a plea, but not *collateral* consequences. *See, e.g., United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997). In the case of potential consecutive sentences, if a district court has no discretion to impose a concurrent sentence, then a consecutive sentence is a direct consequence, and the defendant must be advised of this before pleading. But if the district court has discretion – to

either impose a concurrent or consecutive sentence – then the possibility of a consecutive sentence is a collateral consequence, and even if a district court fails to warn of a possible consecutive sentence, this does not render the plea involuntary. *See id.* ("Whether Kikuyama's consecutive sentence was a 'direct consequence' as opposed to a merely 'collateral' consequence turns on whether the district court had discretion to impose a concurrent sentence.").

So the question here is whether the district court had discretion to impose a concurrent sentence at the time Truesdale pleaded guilty. It did. Recall, when Truesdale pleaded guilty in federal court, the state court had not yet sentenced him. Consequently, the question is whether the district court has discretion to impose a concurrent sentence on a yet-to-be-imposed state-court sentence. Alternatively, the Court also needs to consider the sequence that actually occurred – that the state court would sentence Truesdale after he pleaded guilty in federal court, but before the federal court imposed sentence. Either way, the federal court had discretion to impose a concurrent or a consecutive sentence. *See Setser v. United States*, 566 U.S. 231, 236-37 (2012) (holding that it was within the district court's discretion to order that Setser's sentence run consecutively to his anticipated state sentence). Accordingly, although the judge who took the plea did not advise Truesdale of the possibility of a consecutive sentence, this did not render Truesdale's plea unknowing, involuntary, or unintelligent.

## ORDER

**IT IS ORDERED that:**

1. Jesse Daniel Truesdale's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 53) is **GRANTED.**

2. The Court will vacate the judgment in the criminal case and order that Mr. Truesdale be re-sentenced.

3. The Clerk is directed to appoint counsel for Mr. Truesdale.

DATED: April 15, 2020

_____
B. Lynn Winmill
U.S. District Court Judge